UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK

| | |
|---|---|
| ALL SURFACE PUBLISHING, Inc.<br><br>Plaintiff,<br><br>v.<br><br>UNIVERSAL MUSIC GROUP; MR. 305, INC.; PAUL EDWARD BLAIR p/k/a DJ WHITE SHADOW<br><br>Defendants. | Case No:<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

Plaintiff ALL SURFACE PUBLISHING, INC. ("*Plaintiff*"), by and through its undersigned counsel, for its Complaint against defendants UNIVERSAL MUSIC GROUP, MR. 305, INC, AND PAUL EDWARD BLAIR p/k/a DJ WHITE SHADOW ("*Defendants*") states and alleges as follows:

## INTRODUCTION

1.  This action seeks to recover damages for copyright infringement.

2.  Plaintiff herein owns the publishing rights to a certain musical work titled "Samir's Theme", which was properly registered with the United States Copyright Office ("USCO") in July 2006.

3.  In or about August 2021, Defendants acted in concert to produce and distribute a popular musical work titled "I Feel Good" by recording artist Pitbull, featuring Anthony Watts and DJWS, which incorporates copyrighted elements of "Samir's Theme" and which therefore constitutes an infringement of Plaintiff's registered work.

4.  Defendants, without permission or authorization from Plaintiff's predecessor-in-interest actively copied and/or distributed Plaintiff's copyrighted material and engaged in this misconduct knowingly and in violation of the United States copyright laws.

## PARTIES

5. Plaintiff is a New York corporation with a principal place of business in New York.

6. On information and belief, defendant Universal Music Group ("UMG") is a Delaware corporation with principal headquarters at 1755 Broadway #6, New York, NY 10019.

7. On information and belief, defendant Mr. 305, Inc. ("Mr. 305") is a Florida corporation and fully owned subsidiary of UMG and label imprint owned and operated by recording artist Pitbull.

8. On information and belief, defendant Paul Edward Blair p/k/a DJ White Shadow ("Blair") is an individual resident of the State of Illinois.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

10. This Court has personal jurisdiction over defendant UMG because it maintains its principal place of business in New York.

11. This Court has personal jurisdiction over defendant Mr. 305 because it conducts systematic and continuous business in the State of New York.

12. This Court has personal jurisdiction over defendant Blair because he conducts systematic and continuous business in the State of New York.

13. Venue is proper under 28 U.S.C. §1391(a)(2) because Defendants do business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

## FACTS COMMON TO ALL CLAIMS

**A.     Plaintiff's Copyright Ownership**

14. By virtue of a written copyright assignment agreement, Plaintiff owns the copyright for the composition of the song "Samir's Theme" (the "*Musical Work*"). A true and correct copy of an audio file of the Musical Work is attached hereto as Exhibit A.

15. The Musical Work was registered with the USCO on July 26, 2006, under Registration No. PAu-3-063-431 (the "431 Registration").

16. The Musical Work is on deposit with the 431 Registration.

B.    **Defendants' Infringing Activity**

17.    On or about May 25, 2011, Plaintiff's principal, Aaron LaCanfora, transmitted an accessible copy of the Musical Work to Blair. In response, Blair stated: "I love this song". Accordingly, Blair had specific access to a full copy of the Musical Work as of May 2011.

18.    On or about August 20, 2021, UMG, through its wholly-owned subsidiary Mr. 305, distributed a song entitled "I Feel Good" by Pitbull featuring Anthony Watts and DJWS (i.e., defendant Blair) (the "*Infringing Work*") which incorporates copyrighted elements of the Musical Work. A true and correct copy of an audio file of the Infringing Work is attached hereto as Exhibit B.

19.    Upon information and belief, the Musical Work was copied and distributed without license or permission by Defendants to be performed publicly by means of a digital audio transmission, thereby infringing on Plaintiff's exclusive rights in the copyrighted work (hereinafter the "*Infringement*").

20.    The two musical works at issue have "significant similarities", including but not limited to melody, harmony, melodic structure, tempo, musical arrangement and percussion.

21.    Both the Musical Work and Infringing Work are performed at practically identical tempos. "I Feel Good" is performed at 125 BPM and "Samir's Theme" is performed at 126 BPM.

22.    Similar arrangements of the Musical Work and Infringing Work can be identified in both works.

23.    The Musical Work and Infringing Work embody substantially similar and distinctive melodic lines. For example, after the introductory passage, the respective instrumental melodies of both songs begin with a melodic line that features two notes that descend stepwise before landing on the tonic (principal melodic tone or note), which completes the three-note introductory phrase of the melodies. In "Samir's Theme," the three notes are: F#...F natural…
and then the phrase resolves (or lands) on the tonic note (or keynote), E. These three notes in "I Feel Good" are:G...F#... and then the phrase resolves (or lands) on the tonic note (or key note), E. When heard in real time, the descending lines of both songs appear to be almost identical, as the

pitches are only one-half step (in the musical scale) apart.

24. Similarities appear in the rhythmic structures of both the Musical Work and Infringing Work. For example, at 17 seconds into both compositions, an ostinato figure begins and lasts throughout both songs. "Ostinato" is the Italian musical term for "a rhythmic phrase that repeats over and over again". In both recordings, the ostinato is set on the principal note in the key of E minor…E. In addition to the fact that the pitches of the ostinato figures are identical (E), the rhythmic structures into which the pitches of both songs are placed is practically identical as well. Both rhythmic figures begin with four 8th notes in the first half of the bar and continue into the second half of the bar with a practically identical syncopated figure comprised of 8th and 16th notes.

25. The Musical Work and Infringing Work embody similar instrumentation (i.e., choice of instruments in the ensembles used in the recordings).

26. Similar elements in the timing appear in both the Musical Work and Infringing Work. For example, the repeating synthesizer lines in both songs begin at 14 seconds into each of the recordings.

27. Similarities in the percussion tracks of both the Musical Work and Infringing Work can be identified.

28. The Infringement is an exact copy of a discernable portion of Plaintiff's Musical Work that was copied and made available by Defendants for public performance.

29. Upon information and belief, Defendants take an active and pervasive role in the musical content distributed to the public, including, but not limited to copying, selecting, the material made available.

30. Upon information and belief, the Musical Work was willfully and volitionally copied by Defendants.

31. Upon information and belief, Defendants engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

32. Upon information and belief, Defendants had the legal right and ability to control and limit the infringing activities and exercised and/or had the right and ability to exercise such right.

33. Upon information and belief, Defendants monitor the musical content distributed to the public.

34. Upon information and belief, Defendants have received a financial benefit directly attributable to the Infringement.

35. Upon information and belief, a large number of people have listened to the unlawful copy of the Musical Work.

36. Upon information and belief, Defendants at all times had the ability to stop the reproduction and rendition of Plaintiff's copyrighted material.

37. Defendants' use of the Musical Work harmed the actual market for the Musical Work.

38. Defendants' use of the Musical Work, if widespread, has harmed Plaintiff's potential market for the Musical work.

39. As a result of Defendants' misconduct, Plaintiff has been substantially harmed.

40. In September 2021, Plaintiff's predecessor-in-interest notified Defendants of the alleged Infringement via email. Despite efforts to resolve this dispute, no resolution was achieved and Defendants have continued to reproduce and perform the Infringing Work.

41. Upon information and belief, in 2021, the Infringing Work was used by third party liquor company Smirnoff as part of a widespread commercial advertisement.

## **FIRST COUNT**
### *(Copyright Infringement, 17 U.S.C. §501 et seq.)*

42. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

43. The Musical Work is an original, creative work in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

44. Plaintiff has not licensed Defendants the right to use the Musical Work nor has Plaintiff assigned any of its exclusive rights in the copyright to Defendants.

45. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendants improperly and illegally copied, reproduced, distributed and publicly performed by means of a digital audio transmission works owned by Plaintiff thereby violating one of Plaintiff's exclusive rights in its copyrights.

46. Plaintiff is informed and believes and thereon alleges that the Defendants willfully infringed upon Plaintiff's copyrighted Musical Work in violation of Title 17 of the U.S. Code, in that they used for commercial benefit the original and unique Musical Work of the Plaintiff without Plaintiff's consent or authority.

47. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to an award of actual damages and disgorgement of all of Defendants' profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant for each infringement pursuant to 17 U.S.C. § 504(c).

48. As a result of the Defendants' violations of Title 17 of the U.S. Code, the court in its discretion may allow the recovery of full costs as well as reasonable attorney's fees and costs pursuant to 17 U.S.C. § 505 from Defendants, jointly and severally.

49. As a result of Defendants' violations of Title 17 of the U.S. Code, Plaintiff is entitled to injunctive relief to prevent or restrain infringement of his copyright pursuant to 17 U.S.C. § 502.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendants have infringed on Plaintiff's rights to the Musical Work in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

a. finding that Defendants infringed upon Plaintiff's copyright interest in the Musical Work by copying without a license or consent;

b. for an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendants for each infringement pursuant to 17 U.S.C. § 504(c), whichever is larger;

c. for an order pursuant to 17 U.S.C. § 502(a) enjoining Defendants from any infringing use of any of Plaintiff's works;

d. for costs of litigation and reasonable attorney's fees against Defendants pursuant to 17 U.S.C. § 505

e. for pre judgment interest as permitted by law; and

   f.  for any other relief the Court deems just and proper.

DATED: August 8, 2024

                **SANDERS LAW GROUP**

                By: */s/ Craig Sanders*
                Craig Sanders, Esq.
                333 Earle Ovington Blvd.
                Union City, NY 11553
                Tel: (516) 203-7600
                Email: csanders@sanderslaw.group
                File No.: 129338

                *Attorneys for Plaintiff*