UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
_____

ALL SURFACE PUBLISHING INC.,

       Plaintiff                                        1:24-cv-06039-MKV

v.

ORCHARD ENTERPRISES NY, INC. D/B/A
THE ORCHARD; MR. 305, INC.; PAUL EDWARD
BLAIR P/K/A DJ WHITE SHADOW

       Defendant.
_____/

## ~~[PROPOSED]~~ CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER

WHEREAS, the parties in the above-captioned action (the "Action") submit that good cause exists for the entry of a protective order to prevent the unauthorized disclosure and use of the parties' trade secrets, sensitive competitive information, commercially sensitive data or other confidential commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure and any applicable local civil rules, during and after the course of this litigation; and

WHEREAS, the parties stipulate and agree that the materials to be produced and exchanged and the testimony to be given during the course of discovery may contain confidential information pertaining to the marketing, sale and distribution of the parties' copyright-protected works, strategic marketing and business plans, confidential commercial and financial information and other proprietary business information that could prove harmful to the parties if disseminated or published and, in some instances, if the information is disclosed to personnel of the non-producing party.

NOW, THEREFORE, counsel for the parties hereby submit this Proposed Stipulated Protective Order to expedite the flow of discovery material, facilitate the prompt resolution of

disputes over confidentiality, adequately protect material entitled to be kept confidential and ensure that protection is afforded only to material so entitled.

Accordingly, IT IS HEREBY ORDERED by the Court that the following provisions shall govern confidentiality in this proceeding:

1. <u>Confidential Material</u>:  Any party or nonparty producing documents or things in the Action (the "Designating Party") may designate as CONFIDENTIAL documents, deposition transcripts, answers to interrogatories, responses to requests for admission or other information disclosed in discovery in this Action that contains: trade secrets; financial, technical or business information; or other sensitive or proprietary information that the Designating Party designates pursuant to this order.

2. <u>Highly Confidential Material</u>:  Any material that is CONFIDENTIAL as described in paragraph 1 that the Designating Party believes could cause the Designating Party competitive harm if disclosed to a director, officer or employee of a party receiving the materials (the "Receiving Party") may be designated as HIGHLY CONFIDENTIAL. The parties contemplate that HIGHLY CONFIDENTIAL material may include, *inter alia*, competitively sensitive financial data, competitively sensitive agreements, current and future business plans and current and future marketing plans and information.

3. <u>Excluded Materials</u>: In addition to the requirements for CONFIDENTIAL and HIGHLY CONFIDENTIAL materials set forth above, the parties contemplate that CONFIDENTIAL and HIGHLY CONFIDENTIAL materials shall not include any information, document or thing that:

    (a) is available to the public at the time of disclosure;

    (b) becomes available to the public after disclosure through no act, or failure to

act, by the Receiving party; or

    (c)  the Receiving Party can show (i) was independently developed by the Receiving Party; or (ii) was received by the Receiving Party, after the time of disclosure hereunder, from a third party having the right to make such disclosure.

  4.  <u>Identification of Materials</u>: The parties may designate CONFIDENTIAL and HIGHLY CONFIDENTIAL materials by stamping, imprinting or otherwise labeling the document or information in question CONFIDENTIAL or HIGHLY CONFIDENTIAL on the face thereof, or by notification to opposing counsel followed by an imprinting of CONFIDENTIAL or HIGHLY CONFIDENTIAL. If material cannot be so labeled, the Designating Party may designate the material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by sending written notice to the Receiving Party for each document that the Designating Party asserts is CONFIDENTIAL or HIGHLY CONFIDENTIAL. Any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is inadvertently omitted during production may be corrected by providing counsel for all parties with written notice as soon as such omission is determined. Copies or excerpts of information contained within, or summaries, notes or charts containing any information, document or thing designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be treated in accordance with this Order.

  5.  <u>Identification of Deposition Transcripts</u>: Portions of deposition transcripts may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL by either (a) making a statement to such effect on the record in the course of the deposition or (b) providing written notice to all counsel of record within fourteen (14) days after the deponent or its counsel receives a copy of the transcript. Any testimony that describes a document designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall also be deemed to be designated as such. Absent a different designation

on the record, pending the fourteen (14) days after a deposition transcript is received by the deponent or its counsel, all parties and persons shall treat the deposition as if it had been designated as CONFIDENTIAL. In addition, the deponent, during the fourteen (14) day period, may show the deposition transcript to other persons who are bound by this Order and who already have access to material that is or may be designated CONFIDENTIAL. With regard to designations made during the deposition, the Designating Party shall have the right to have all persons, except the deponent and its counsel, outside counsel of record for named parties, the court reporter and such other persons bound by this Order who are authorized to access the material or information that may be designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL, respectively, excluded from a deposition, or any portion thereof, before the taking of testimony designated CONFIDENTIAL or HIGHLY CONFIDENTIAL under this Order.

6. <u>Use of Confidential or Highly Confidential Material</u>: Any materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL shall be used by the Receiving Party solely for the purpose of conducting the Action and not for any other purpose whatsoever. Nothing in this Order shall be construed to control the use, dissemination, publication or disposition by a party or its counsel of documents or information (i) existing in the files of that party or its counsel before the date of this Order or (ii) received at any time by that party or its counsel outside the course of the formal and informal discovery process in this litigation.

7. <u>Treatment of Confidential Material</u>: Materials or information designated as CONFIDENTIAL may be disclosed by the Receiving Party only to the following persons:

    (a)    in-house counsel employed by the Receiving Party and legal support personnel employed in the in-house counsel's office;

    (b)    outside counsel at a law firm of record representing a named party in the

Action, including all paralegals, assistants, secretaries, clerical staff and/or other employees of the law firm working under the supervision of such counsel;

    (c)  persons or firms retained and providing services to assist in connection with the Action and acting under the supervision of counsel described in paragraph 7(b) above, such as court reporters, interpreters, translators, copy services, e-discovery vendors, database/coding services, contract review attorneys, graphic or visual aid services and trial or jury consultants, provided that such persons or firms must execute an agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A prior to the receipt of such CONFIDENTIAL materials;

    (d)  any expert or consultant, as well as all assistants, stenographic and clerical employees working under the supervision of such expert, who (i) is retained to assist in connection with the Action and supervised by any attorney described in paragraph 7(b) above, and (ii) is not a current employee of a party or parent, subsidiary or affiliate of a party; provided, however, that such disclosure is only to the extent reasonably necessary to perform such work and provided that such persons must execute an agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A prior to the receipt of such CONFIDENTIAL materials;

    (e)  a person whose counsel have a good-faith basis to believe prepared, received, reviewed or had authorized access to the CONFIDENTIAL material before its production in the Action, provided that such persons must execute an agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A before the receipt of such CONFIDENTIAL materials;

    (f)  a current employee, officer or Board member of the Receiving Party to whom disclosure is necessary for this Action, provided that such persons must execute an

agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A before the receipt of such CONFIDENTIAL materials;

(g) the Court, any appellate court, court personnel, jurors, alternate jurors and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at a court session;

(h) any mediators mutually engaged by the parties, and the mediator's support staff, provided that such persons must execute an agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A before receipt of such CONFIDENTIAL materials;

(i) any person who is an employee, officer or Board member of the Designating Party, or a former employee, officer or Board member of the Designating Party (if the former employee was employed by the Designating Party when the CONFIDENTIAL material was created, or during a period relevant to this Action, and the former employee had an authorized right of access to the CONFIDENTIAL material in the ordinary course of that employment); and

(j) any other person (i) agreed to by the parties, provided that such person must execute an agreement to maintain the confidentiality of any CONFIDENTIAL materials in accordance with Exhibit A before receipt of such CONFIDENTIAL materials; or (ii) permitted by the Court.

8. <u>Treatment of Highly Confidential Material</u>: Materials or information designated as HIGHLY CONFIDENTIAL may be disclosed by the Receiving Party to the following persons:

(a) a maximum of four in-house counsel employed by each Receiving Party and legal support personnel employed in the in-house counsel's office, provided that in the event any in-house counsel previously permitted to receive HIGHLY CONFIDENTIAL materials leaves

the employ of a Receiving Party, the Receiving Party may grant permission to additional in-house counsel under its employ to receive HIGHLY CONFIDENTIAL information so long as the total number of in-house counsel with such permission does not exceed four;

(b) outside counsel at a law firm of record representing a named party in the Action, including all paralegals, assistants, secretaries, clerical staff and/or other employees of the law firm working under the supervision of such counsel;

(c) persons or firms retained and providing services to assist in connection with the Action and acting under the supervision of counsel described in paragraph 8(a) above, such as court reporters, interpreters, translators, copy services, e-discovery vendors, database/coding services, contract review attorneys, graphic or visual aid services and trial or jury consultants, provided that such persons or firms must execute an agreement to maintain the confidentiality of any HIGHLY CONFIDENTIAL materials in accordance with Exhibit A prior to the receipt of such HIGHLY CONFIDENTIAL materials;

(d) any expert or consultant, as well as all assistants, stenographic and clerical employees working under the supervision of such expert, who (i) is retained to assist in connection with the Action and supervised by any attorney described in paragraph 8(a) above, and (ii) is not a current employee of a party or parent, subsidiary or affiliate of a party; provided, however, that such disclosure is only to the extent reasonably necessary to perform such work and provided that such persons must execute an agreement to maintain the confidentiality of any HIGHLY CONFIDENTIAL materials in accordance with Exhibit A before the receipt of such HIGHLY CONFIDENTIAL materials;

(e) a person whose counsel have a good-faith basis to believe prepared, received, reviewed or had authorized access to the HIGHLY CONFIDENTIAL material before its

production in the Action, provided that such persons must execute an agreement to maintain the confidentiality of any HIGHLY CONFIDENTIAL materials in accordance with Exhibit A before the receipt of such HIGHLY CONFIDENTIAL materials;

(f) the Court, any appellate court, court personnel, jurors, alternate jurors and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at a court session;

(g) any mediators mutually engaged by the parties, and the mediator's support staff, provided that such persons must execute an agreement to maintain the confidentiality of any HIGHLY CONFIDENTIAL materials in accordance with Exhibit A before receipt of such HIGHLY CONFIDENTIAL materials;

(h) any person who is an employee, officer or Board member of the Designating Party, or a former employee, officer or Board member of the Designating Party (if the former employee was employed by the Designating Party when the HIGHLY CONFIDENTIAL material was created, or during a period relevant to this Action, and the former employee had an authorized right of access to the HIGHLY CONFIDENTIAL material in the ordinary course of that employment); and

(i) any other person (i) agreed to by the parties, provided that such person must execute an agreement to maintain the confidentiality of any HIGHLY CONFIDENTIAL materials in accordance with Exhibit A before receipt of such HIGHLY CONFIDENTIAL materials; or (ii) permitted by the Court.

9. <u>Disclosure of Confidential or Highly Confidential Material by Receiving Party</u>: The Receiving Party must before disclosing such information to any of the recipients permitted in paragraphs 7 and 8, other than the Court or counsel of record, give notice of the confidential and

proprietary nature of such materials to each person to whom the Receiving Party intends to disclose such materials. The parties are responsible for obtaining the agreement to maintain the confidentiality of any CONFIDENTIAL or HIGHLY CONFIDENTIAL materials in accordance with Exhibit A from all persons or firms required to sign such an agreement before providing them access to CONFIDENTIAL or HIGHLY CONFIDENTIAL materials. A file of all such written agreements shall be maintained by counsel for the party obtaining them, but such agreements do not need to be provided to opposing counsel, except by agreement of the parties or by Court order if a dispute arises after the parties meet and confer on such issue.

10. <u>Cancellation of Designation</u>: Inadvertent production of any document or information, including during a deposition, without designation will not be deemed to waive a party's right to subsequently designate said documents or information pursuant to this Order. Disclosure of said documents or information by any party before such subsequent designation shall not be deemed a violation of the provisions of this Order provided, however, that the party promptly takes steps to retrieve such disclosed documents or information and maintain them in compliance with this Order.

11. <u>Treatment of Confidential or Highly Confidential Material Produced by Non-Parties</u>: The parties agree that any material produced by non-parties shall be entitled to the protections of this Order.

12. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material hereby agrees to subject himself/herself to the jurisdiction of this Court for the purpose of any proceedings relating to the performance under, compliance with or violation of this Order.

13. The recipient of any CONFIDENTIAL or HIGHLY CONFIDENTIAL material that is provided under this Order shall maintain such information in a secure and safe manner, shall

exercise the same standard of due and proper care with respect to the storage, custody, use and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information and shall take reasonable precautions to protect CONFIDENTIAL or HIGHLY CONFIDENTIAL information from loss, misuse and unauthorized access, disclosure, alternation and/or destruction.

14. <u>Inadvertent Disclosure</u>: If the Receiving Party learns that, by inadvertence or otherwise, it has disclosed CONFIDENTIAL or HIGHLY CONFIDENTIAL information to any person or in any circumstance not authorized under this Order, the Receiving Party must, as soon as practicable: (a) notify the Designating Party in writing of the unauthorized disclosure; (b) use its best efforts to retrieve all copies of the protected materials; and (c) inform the person or persons to whom unauthorized disclosures were made, to the extent the person or persons are identifiable, of all of the terms of this Order and have the person or persons execute an agreement to maintain the confidentiality of any CONFIDENTIAL or HIGHLY CONFIDENTIAL materials in accordance with Exhibit A.

15. <u>Objections:</u> It is understood and agreed that nothing in this Order constitutes a waiver of any party's right to raise or assert any objections, including but not limited to defenses or objections with respect to the use, relevance or admissibility at trial of any evidence, whether or not comprised of information or documents furnished pursuant to this Order. Nothing herein shall be construed to limit any party's right to challenge the designation of any material as CONFIDENTIAL or HIGHLY CONFIDENTIAL by motion to the Court after first engaging in a good faith meet-and-confer process. Designations shall be honored until and unless successfully challenged.

16. <u>Filing CONFIDENTIAL or HIGHLY CONFIDENTIAL Materials</u>: In the event

that a party wishes to use any CONFIDENTIAL or HIGHLY CONFIDENTIAL material in any paper filed with the Court in this Action, which comprise, excerpt, reproduce, paraphrase, or contain CONFIDENTIAL or HIGHLY CONFIDENTIAL information, the Party shall follow the procedures and standards set forth in Rules 9.B. of the Honorable Mary Kay Vyskocil's Individual Rules and Practices, including but not limited to the applicability of *Lugosch v. Pyramid Co. of Onondaga,* 435 F.3d 110, 119-120 (2d Cir. 2006), and any other controlling authority. Nothing herein is intended to alter or modify the applicability of Rule 5.2, Fed. R. Civ. P., to this case. The redactions expressly authorized by Rule 5.2 may be made without further application to the Court, consistent with Rule 5.B.i of the Honorable Mary Kay Vyskocil's Individual Rules and Practices.

17. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production

18. The restrictions provided for herein shall not terminate upon the completion of all appeals (if any) from the final judgment of the Action, but shall continue until further order of this Court; provided, however, that this Order shall not be construed: (i) to prevent any party or its counsel from making use of information that was lawfully in its possession prior to the production of that information by the producing party; (ii) to apply to information that appears in printed publications, is used in a court proceeding without being placed under seal in accordance with a

Court order, or otherwise becomes publicly known without fault of any party; or (iii) to apply to information that any party or its counsel has, since production by the producing party, lawfully obtained.

19. Within sixty days of the completion of all appeals (if any) from the final judgment in the Action and upon the written request of the producing party, all CONFIDENTIAL and HIGHLY CONFIDENTIAL material and all copies thereof shall either be returned to the party which produced them or be destroyed. If a party elects to destroy copies of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, the party shall certify in writing that said documents have been destroyed within the sixty-day time period. Notwithstanding the foregoing, outside counsel may retain an archival copy of any pleading, discovery, motions, (or other document filed or intended to be filed with the court or exchanged in this action), transcript and exhibits and/or attorney work product that contains CONFIDENTIAL or HIGHLY CONFIDENTIAL material. Such archival documents shall be retained and treated in accordance with the terms of this Order.

20. This Order is binding on the parties to the Action and their respective parents, subsidiaries, affiliates, attorneys, agents and assigns.

21. If any person utilizes or discloses documents or information designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL in violation of this Order, the person may in the Court's discretion be subject to injunctive relief and liable for all consequential damages and other reasonable expenses, including attorneys' fees, incurred as a result of the violation.

22. In the event that any person subject to the terms of the Order is served with a subpoena or request for production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, it shall give sufficient notice to the Designating Party to allow the Designating Party a reasonable opportunity to intervene to oppose such production. Such notification must include a copy of the

subpoena or Court order. Any person seeking such CONFIDENTIAL or HIGHLY CONFIDENTIAL material who takes action to enforce such subpoena or other legal process shall be apprised of this Order by the party to whom the subpoena or other legal process is addressed After receipt of the notice specified by this paragraph, the Designating Party seeking to maintain the confidentiality of any information shall have the sole responsibility for obtaining any order it believes necessary to prevent disclosure of the information that has been subpoenaed or requested. If the Designating Party does not move for a protective order within the time allowed for production by the subpoena or request (or within such times as a Court may direct or as may be agreed upon with the subpoenaing/requesting party) and give written notice of such motion to the subpoenaed party, the subpoenaed party may commence production in response to the subpoena or request. The subpoenaed party will not produce any of the CONFIDENTIAL or HIGHLY CONFIDENTIAL material while a motion for a protective order brought by the Designating Party pursuant to this paragraph is pending, or while an appeal from or request for appellate review of such motion is pending unless a court orders production of materials that are subject to this Order, then production of such materials pursuant to that Court order shall not be deemed a violation of this Order. Nothing herein shall require anyone covered by this Order to contest a subpoena or other legal process, or to appeal any order requiring production of CONFIDENTIAL or HIGHLY CONFIDENTIAL material, or to subject itself to penalties for non-compliance with any legal process or order, provided the party has notified the Designating Party that CONFIDENTIAL or HIGHLY CONFIDENTIAL material has been subpoenaed or otherwise requested. However, the party receiving a subpoena or other legal process shall not object to the intervention by the Designating Party in the action seeking its CONFIDENTIAL or HIGHLY CONFIDENTIAL material and will reasonably cooperate with the disclosing party so that it may be heard on the

matter.

23. Any party who has designated a document or information as CONFIDENTIAL or HIGHLY CONFIDENTIAL material may remove such document or information from the scope of that protection by notifying all other counsel of its desire to do so.

24. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information

25. This Order shall not prevent any party from applying to the Court for relief therefrom, from seeking further or additional protective orders, or from agreeing between themselves to modification of this Order, in writing, subject to approval of the Court. This Order shall remain in force and effect indefinitely until modified, superseded or terminated by order of the Court.

26. This Order shall not bind the Court and nothing herein shall be construed to prevent the Court from altering the terms of this Order *sua sponte*.

Dated: New York, New York
October 1, 2024

SANDERS LAW GROUP
By: *[signature]*
James H. Freeman, Esq.
333 Earle Ovington Blvd.
Union City, NY 11553
(516) 203-7600
jfreeman@sanderslaw.group

*Attorneys for Plaintiff*

PRYOR CASHMAN LLP
By: *[signature]*
Donald S. Zakarin, Esq.
Brittany M. Pagnotta, Esq.
7 Times Square
New York, NY 10036
DZakarin@pryorcashman.com
BPagnotta@pryorcashman.com

James G. Sammataro, Esq.
255 Alhambra Circle, 8th Floor
Miami, Florida 33134
(786) 582-3010
jsammataro@pryorcashman.com
ksuarez@pryorcashman.com

*Attorney for Defendants Mr. 305, Inc. and Orchard Enterprises NY, Inc. d/b/a The Orchard*

Dated: __October 16__, 2024

**SO ORDERED.**

*[signature]*
Hon. Mary Kay Vyskocil
United States District Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT NEW YORK**

ALL SURFACE PUBLISHING INC.,

       Plaintiff                                            1:24-cv-06039-MKV

v.

ORCHARD ENTERPRISES NY, INC. D/B/A
THE ORCHARD; MR. 305, INC.; PAUL EDWARD
BLAIR P/K/A DJ WHITE SHADOW

       Defendant.
_____/

**DECLARATION OF _____ AGREEING**
**TO CONFIDENTIAL TREATMENT OF MATERIALS**

       I, _____, pursuant to 28 U.S.C. § 1746, declare under the penalty of perjury as follows:

       1.     I am presently employed by _____, and my current business address, phone number and email address are as follows:

_____.

       2.     [For experts and consultants only] Except as retained by _____ in connection with the above-referenced action, I am not currently employed by any party to this lawsuit or engaged as an independent contractor or consultant by any party to this lawsuit, either directly or indirectly.

       3.     I have read the Confidentiality Stipulation and Protective order entered in the above-captioned case on _____ (the "Protective Order") and agree to comply with and be bound by its terms. Specifically, I understand that I am obligated to hold in confidence and not to disclose the contents of any document marked CONFIDENTIAL or HIGHLY CONFIDENTIAL to anyone other than those persons permitted under the Protective Order. I

further understand that I am not to disclose to persons other than those identified permitted under the Protective Order any words, substances, summaries, abstracts or indices of the confidential information, documents or things disclosed to me. I will never use the information, directly or indirectly, in competition with the disclosing party nor will I permit others to do so. In addition to the foregoing, I understand that I must abide by all of the provisions of the Protective Order.

4. At the termination of this action or at any time requested by counsel, I will destroy or return to counsel for the party by whom I am employed or retained, or to counsel by whom I am employed or retained, all documents and other materials, including notes, computer data, summaries, abstracts or any other materials including or reflecting confidential information that have come into my possession, and I will destroy or return all documents or things that I have prepared relating to or reflecting such information.

5. I understand that if I violate the provisions of the Protective Order, I will be subject to sanctions or other remedies that may be imposed by the Court and potentially liable in a civil action for damages. I consent to the exercise of personal jurisdiction by the United States District Court for the Southern District of New York with respect to any violations of this Protective Order.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: _____

By: _____
       (signature of declarant)

_____
(name of declarant)